

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

---

No. 06-19-00064-CV

---

IN THE INTEREST OF D.T., A CHILD

---

On Appeal from the 354th District Court
Hunt County, Texas
Trial Court No. 85628

---

Before Morriss, C.J., Burgess and Stevens, JJ.

# O R D E R

On May 6 through May 9, 2019, the trial court presided over a parental-rights termination proceeding in which the Department of Family and Protective Services (the Department) sought to terminate the parent-child relationship between D.T. and her mother, S.T.[1] S.T.'s parental rights were terminated by order of the trial court dated July 12, 2019.

S.T.'s history of representation in the trial court reflects that she was initially found to be indigent and was represented by appointed counsel, Jason Duff. On February 3, 2017, Jessica Edwards filed a notice of representation in the trial court, stating that she had been retained to represent S.T. in the trial court. The record does not indicate that Duff filed a motion to withdraw as counsel when Edwards was retained. On September 27, 2017, Edwards filed a motion to withdraw as S.T.'s counsel. On October 30, 2017, the trial court entered an order granting Edwards' motion to withdraw. Duff thereafter resumed his representation of S.T.

On October 25, 2018, Duff filed a motion to withdraw as S.T.'s counsel. Exhibit "A" to Duff's motion to withdraw was a motion to substitute counsel signed by Roland Fergurson, requesting that the court grant permission for Duff to withdraw and to substitute Fergurson as the attorney of record for S.T. On November 28, 2018, the trial court entered an order granting Duff's motion to withdraw. Although the trial court did not formally grant Fergurson's motion to substitute counsel, the order of termination indicates that S.T. was represented by Fergurson at the

---

[1]We refer to the mother and the child by their initials in order to protect the identity of the minor child who is the subject of this appeal. *See* TEX. R. APP. P. 9.8.

termination hearing. Fergurson thereafter, on May 29, 2019, filed a notice of appeal on S.T.'s behalf, seeking to appeal the order of termination.

By order of June 28, 2019, Fergurson was suspended from the practice of law for a period of four years, beginning July 15, 2019, and ending July 14, 2023. As a result of Fergurson's suspension from the practice of law, S.T. is no longer represented by counsel in this appeal of the termination of her parental rights.

Section 107.013 of the Texas Family Code mandates the appointment of an attorney ad litem for an indigent parent in a suit filed by a governmental entity seeking termination of the parent-child relationship. TEX. FAM. CODE ANN. § 107.013. Further, Rule 20.1(b) of the Texas Rules of Appellate Procedure provides that when a parent is found to be indigent by the trial court in a case brought by a governmental entity for the termination of the parent-child relationship, that parent is presumed to remain indigent in any subsequent appeal, as provided by Section 107.013 of the Texas Family Code. TEX. R. APP. P. 20.1(b). Because S.T. was determined by the trial court to be indigent, she is presumed to remain indigent for purposes of this appeal. Accordingly, S.T. is entitled to be represented on appeal by appointed counsel.

Consequently, we abate this appeal to the trial court for the appointment of counsel to represent S.T. in this appeal. This appointment shall be made within five days of the date of this order. The trial court shall enter a written memorialization of its appointment into the record of the case and shall present the written memorialization to this Court in the form of a supplemental clerk's record within five days of the date of appointment.

3

Because this case involves an appeal from the termination of S.T.'s parental rights, this matter should be expedited at all levels. All appellate timetables are stayed and will resume on our receipt of the supplemental clerk's record.

IT IS SO ORDERED.

BY THE COURT

Date: July 25, 2019